UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JASON COPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:11-cv-451 |
| | ) *Judge Phillips* |
| | ) |
| BARRY NICELY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the defendant's motion for summary judgment. Plaintiff has not filed a response to the motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the defendant's motion for summary judgment [Court File No. 19] will be **GRANTED**. This action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

I.        Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party.  *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted).  The burden is on the moving party to conclusively show that no genuine issue of material fact exists.  *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

## II. Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns an alleged used of excessive force by the defendant, Correctional Officer Barry Nicely, on June 22, 2011, during plaintiff's confinement in the Grainger County Detention Facility. Plaintiff filed suit against defendant Nicely in both his individual capacity and his official capacity. The court previously granted the defendant's motion to dismiss the complaint against him in his official capacity. Defendant Nicely now moves for summary judgment in his individual capacity and contends he is entitled to judgment as a matter of law based upon plaintiff's failure to exhaust his administrative remedies prior to filing the complaint.

## III. Discussion

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PRLA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the

applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

In his complaint, plaintiff alleged that he wrote a letter to the T.B.I. and that he and his family tried to speak with the Grainger County Sheriff about the incident. He does not mention that he filed a grievance. In support of his motion for summary judgment, the defendant has submitted the affidavit of Scott Layel, who states that he is the Sheriff of Grainger County, Tennessee. [Court File No. 21, Affidavit of Scott Layel, p. 1].

Sheriff Layel testifies that, as the Grainger County Sheriff, he is the custodian of the records of the Grainger County Detention Facility. Sheriff Layel testifies that the inmates at the Grainger County Detention Facility "are advised that if they have a grievance, they must do so in writing using the 'Official Inmate's Grievance/Request Form.' We do not accept oral grievances from inmates or from family members." [*Id*.] Sheriff Layel further testifies that plaintiff "did not fill out a Grievance Form related to the June 22, 2011, incident" and that plaintiff "was familiar with the use of our Grievance Form as of June 22, 2011, because he had filled out several forms prior to that date." [*Id*. at 2]. Copies of those are attached as an exhibit to Sheriff Layel's affidavit. [*Id*., Collective Exhibit A].

Based upon the record, plaintiff did not exhaust his administrative remedies prior to filing his complaint and his complaint is subject to dismissal for failure to exhaust. Accordingly, the defendant is entitled to judgment as a matter of law and his motion for summary judgment will be **GRANTED**.

4

IV.     Conclusion

The defendant's motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　　s/ Thomas W. Phillips
　　　　　　　　　　　　　　　　　　　　United States District Judge